IN THE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINA OSTERMAN,

    Plaintiff,

v.

    Case No.:

VENUS FASHION, INC., a Florida profit corporation, and ABC I CORPORATION, a Florida profit corporation

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff CHRISTINA OSTERMAN, by and through the undersigned counsel, and files this Complaint and Demand for Jury Trial against VENUS FASION, INC. and ABC I CORPORATION, and in support thereof states as follows:

**NATURE OF ACTION**

1. This is an action against Defendants to recover damages stemming from Defendants' violation of the Family and Medical Leave Act ("FMLA"), 28 U.S.C. § 2601, *et. seq.*

2. This is an action against Defendants to recover damages stemming from Defendants' violation of the Florida Whistleblower's Act, §448.102, Fla. Stat.

**PARTIES, JURISDICTION, AND VENUE**

3. Plaintiff is a resident of Jacksonville, Florida.

4. Defendant Venus Fashion, Inc. ("Venus") is a corporation with a principal place of business in Jacksonville, Florida.

5. Defendant ABC I Corporation ("ABC I") is a corporation with a principal place of business in Jacksonville, Florida.

6. At all times material to this Complaint, Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611(2).

7. At all times material to this Complaint, Defendants were Plaintiff's joint employer as defined by 29 C.F.R. § 825.106.

8. The actions alleged in this Complaint took place in Jacksonville, Florida.

9. Jurisdiction of the Court is based upon 28 U.S.C. § 1331, which grants the district courts with original jurisdiction over civil actions arising under federal law.

10. Venue is therefore proper in this district pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

11. Plaintiff began her employment with Defendants in 2011.

12. Plaintiff was first hired as an administrative assistant and was promoted multiple times during her employment with Defendants.

13. At the time of her termination, Plaintiff served as Defendant ABC I's General Manager.

14. Plaintiff received good performance reviews while she worked for Defendants.

15. Plaintiff's direct supervisor was Pamela Kimball, an employee of Defendant Venus Fashion.

16. Defendants Venus Fashion and ABC I were jointly operated, sharing the same building, management, and human resources department.

17. In August 2020, Plaintiff's husband died at the age of 42.

18. As a result of her husband's death, Plaintiff was diagnosed with severe depression disorder, which required medical leave to manage the symptoms of her disorder and to obtain treatment.

19. Plaintiff informed her supervisor of her diagnosis and applied for protected leave under the FMLA in September 2020.

20. Defendants initially denied Plaintiff's request for FMLA leave, based on allegations that Plaintiff was not entitled to the protections provided by the FMLA.

21. After a four-month dialogue with Defendants' joint human resources department regarding Plaintiff's entitlement to take protected FMLA leave, and Defendant's human resources employees expressing their frustration with Plaintiff regarding her need to take FMLA leave, Defendants finally approved her FMLA leave from January 2021 through April 2021.

22. On May 24, 2021, soon after Plaintiff's return from FMLA leave, Defendants terminated Plaintiff's employment.

**COUNT I – RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT**

23. Plaintiff reincorporates and realleges the allegations contained in paragraphs 1 through 22 as fully as if restated herein.

24. Defendants retaliated against Plaintiff in violation of 29 U.S.C. § 2615(a)(2) and 29 C.F.R. § 825.220(a) and (c) when they terminated Plaintiff following her return from protected FMLA leave.

25. As a direct and proximate result of Defendants' retaliation against Plaintiff because she exercised her rights under the FMLA, Defendants terminated Plaintiff's employment.

26. As a direct and proximate cause of the foregoing unlawful acts and omissions, Plaintiff suffered and will continue to suffer damages, including loss of wages and other employment benefits, unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully requests this Court: enter judgment against Defendants and for Plaintiff; enter an injunction restraining Defendants from further violating the FMLA; award Plaintiff her actual damages for her lost past and future wages and benefits; award Plaintiff liquidated damages equal to the sum of Plaintiff's actual lost compensation, including benefits, caused by Defendants' violations of the law; award Plaintiff prejudgment interest on all monetary recovery obtained; award Plaintiff her attorneys' fees and costs pursuant to 29 U.S.C. § 2617; and grant Plaintiff such other and further relief as may be equitable and just.

**COUNT II – RETALIATION UNDER FLORIDA'S WHISTLEBLOWER ACT**

27. Plaintiff reincorporates and realleges the allegations contained in paragraphs 1 through 22 as fully as if restated herein.

28. Defendants violated 29 U.S.C. § 2615(a) and 29 C.F.R. § 825.220(a) when they failed to permit Plaintiff to take FMLA leave for several months following her request.

29. Plaintiff objected to Defendants' unlawful conduct through her numerous communications with Defendants' human resources representatives between September 2020 and December 2020.

30. Because of Plaintiff's objection to Defendants' unlawful conduct, Defendants took retaliatory personnel action against her as defined by the Act, in that they discharged Plaintiff.

31. Defendants' termination of Plaintiff because of her complaint that Defendants violated relevant laws, rules, and regulations constitutes a violation of §448.102, Fla. Stat.

32.  As a result of Defendants' violations of the Florida Whistleblower Act, Plaintiff has suffered damages, including lost past and future wages, compensatory damages including pain, suffering, and emotional distress, and pre- and post-judgment interest.

WHEREFORE, Plaintiff respectfully requests this Court: enter judgment against Defendants and for Plaintiff; enter an injunction restraining Defendants from further violating the Florida Whistleblower Act; award Plaintiff compensatory damages, including pain, suffering, and emotional distress; award Plaintiff pre- and post-judgment interest; award Plaintiff her reasonable attorneys' fees, court costs, and expenses pursuant to § 448.104, Fla. Stat., and grant Plaintiff such other and further relief as may be equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action of all issues so triable.

Respectfully submitted this 14th day of March 2022.

**DELEGAL & POINDEXTER, P.A.**

/s/ James C. Poindexter
JAMES C. POINDEXTER
Fla. Bar No.: 0116039
Email: james@delegal.net
Secondary email: office@delegal.net
T.A. DELEGAL, III, B.C.S.
Fla. Bar No.: 892701
Email: tad@delegal.net
ALEXANDRA E. UNDERKOFLER
Fla. Bar No.: 1018209
Email: alex@delegal.net
424 E. Monroe Street
Jacksonville, Florida 32202
Telephone: (904) 633-5000
Facsimile: (904) 358-2850
Counsel for Plaintiff